NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN THOMAS,**
*Plaintiff-Appellee,*

**v.**

**UNITED STATES,**
*Defendant-Appellant.*

---

2014-5004

---

Appeal from the United States Court of Federal Claims in No. 1:10-cv-00303-GWM, Judge George W. Miller.

---

**ON MOTION**

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

## O R D E R

The parties initially moved to stay proceedings pending this court's decision in *Roberts v. United States*, Nos. 2012-5113, -5114 ("*Roberts*"). The court's decision in *Roberts* having recently issued, *Roberts v. United States*, --- F.3d ---, Nos. 2012-5113, -5114, slip op. (Fed. Cir. Feb. 10, 2014), the United States now moves to remand the

case to the United States Court of Federal Claims for that court to apply *Roberts* in the first instance. John Thomas responds that he takes no position with respect to this motion.

The legal issue raised in this appeal is closely related to that decided in *Roberts v. United States*. Both cases involve whether the United States Court of Federal Claims has subject matter jurisdiction, pursuant to the Tucker Act, to decide a claim for a living quarters allowance.

Specifically, in the current appeal, the Court of Federal Claims held that it possessed jurisdiction pursuant to 5 U.S.C. § 5923 and Department of State Standardized Regulation 031.12 ("DSSR"), because those provisions mandate the payment of money when certain conditions are met. The Court of Federal Claims further explained that it "disregards the other regulations and guidances implemented pursuant to the DSSR insofar as they conflict with the DSSR." The court stated that the other regulations and guidances conflict with the DSSR "because they give the agency discretion to disallow a living quarters allowance when the DSSR provisions would otherwise mandate the allowance." The court awarded damages and the United States appealed.

In *Roberts*, this court concluded that "the statute and the DSSR, standing alone, are not money-mandating. They could only become money-mandating if further regulations were implemented requiring payment." *Roberts*, slip op. at 5. This court then conducted an analysis of the implementing regulations applicable in that case (Civilian Personnel Management Instruction No. 1400.25, Vol. 1250 and the Marine Corps Bases Japan Order P12000.2A) and determined that the statute, the combination of the two implementing regulations, and DSSR required payment and thus were money-mandating.

We agree with the parties that the appropriate course here is to vacate the Court of Federal Claims judgment and remand for that court to examine its decision in light of *Roberts*.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the limited extent that the judgment is vacated and the case is remanded to the Court of Federal Claims for further proceedings consistent with this order.

(2) The motion to stay is denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s25

ISSUED AS A MANDATE: April 16, 2014